Rayminh L. Ngo, Esq., SBN rn4834
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8352
(714) 597-6559 facsimile
Email: ray@higbeeassociates.com

Attorney for Plaintiff,
ADLIFE MARKETING
& COMMUNICATIONS CO., INC.,

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK
## CENTRAL ISLIP DIVISION

| | |
|---|---|
| ADLIFE MARKETING & COMMUNICATIONS CO., INC.,<br><br>                 Plaintiff,<br><br>v.<br><br>BEST YET MARKET, INC.,<br><br>                 Defendant. | Case No. _____<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FROM COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Adlife Marketing & Communications Co., Inc., for his Complaint against Best Yet Market Inc., Defendant, alleges as follows:

### INTRODUCTION

1. Adlife Marketing & Communications Co., Inc. (hereinafter "Plaintiff"), by counsel, brings this action to challenge the actions of Best Yet

1

Market, Inc. (hereinafter "Defendant"), with regard to the unlawful and unauthorized use of copyrighted images (hereinafter "Images") owned by Plaintiff, and this conduct caused Plaintiff damages.  This Court has subject matter jurisdiction over Plaintiff's claim for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

2. For the purposes of this Complaint for Damages, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of Defendant(s) named in this caption.

3. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, whereby the Defendant violated Plaintiff's exclusive rights as copyright owner pursuant to 17 U.S.C. §§ 106 and 106A.

4. This Court has personal jurisdiction over Defendant because Defendant's acts of infringement complained of herein occurred in the State of New York, and because Defendant's principal place of business lies within the State of New York.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the Defendant resides in this judicial district and a substantial part of the events giving rise to Plaintiff's claim occurred in this judicial district. Alternatively, venue is

also proper pursuant to 28 U.S.C. § 1400(b) because the Defendant resides, committed the acts of infringement, and has a regular and established place of business in this judicial district.

## **PARTIES**

6. Plaintiff is a Corporation residing in the City of Pawtucket, in the State of Rhode Island.

7. Plaintiff is a "copyright owner" that holds "exclusive rights" to its "copyrighted work[s]" pursuant to 17 U.S.C. §§ 101, 106, 106A.

8. Plaintiff is informed and believes, and thereon alleges, that Defendant is a Domestic Business Corporation incorporated in the City of Suffolk, in the State of New York, and its principal place of business is in the City of Bethpage, in the State of New York.

9. Plaintiff is informed and believes that Defendant conducts business in the Cities of Astoria, Hicksville, Riverhead, Commack, Selden, Coram, Huntington Station, Shirley, New York City, Islip, East Meadow, East Northport, Lake Grove, West Babylon, Massapequa, East Rockaway, Westhampton Beach, Merrick, Farmingdale, Franklin Square, New Hyde Park, Great Neck, Bay Shore, Harlem, Oakdale, E. Patchogue, and Hartsdale in the State of New York; the City of Newington in the State of Connecticut; and the City of Holmdel in the State of New Jersey.

10. Plaintiff is informed and believes, and thereon alleges, that Defendant is a Domestic Business Corporation who unlawfully reproduced and published Plaintiff's copyrighted works without Plaintiff's express or implied authority, by the method of a license.

## FACTUAL ALLEGATIONS

11. At all times relevant, Plaintiff was corporation residing within the State of Rhode Island.

12. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant was a business entity residing in the State of New York and in this judicial district.

13. Plaintiff is a corporation operated by advertising and marketing professionals. Plaintiff is regularly contracted to provide advertising and marketing services to its clients. Plaintiff's photography team works on a wide variety of projects spanning food styling, product features, studio shoots and one-site sessions of various subjects. Plaintiff licenses photography to people and companies seeking to make use of the photographs for editorials, advertisements and pecuniary gain. Plaintiff's livelihood is dependent on receiving compensation for the photographs it produces and licenses.

14. Plaintiff is informed and believes that sixty one (61) of its images have been used by Defendant without Plaintiff's permission, but believes that

further instances of infringement of Plaintiff's images may be found.

15. Plaintiff took the Original Images. *See* Original Images, attached hereto as "Exhibit A."

16. Plaintiff has ownership and copyright of the Images.

17. Plaintiff has registered the Images with the United States Copyright Office under Registration Numbers VA0002022966, VA0002024712, VA0002020887, VA0002035055, VA0002021644, VA0002023644, VA0002027767, VA0002024450, VA0002023233, VA0002020735, VA0002027172, and VA0002025939.

18. A group of images, for which Plaintiff claims ownership and is informed and believes that Defendant used without Plaintiff's permission, have not been issued Copyright Registration Certificate and Registration Number yet. In regards to said images, however, Plaintiff has submitted Applications with United States Copyright Office under Application Numbers 1-43396-51801, 1-49272-21541, 1-45358-21231, 1-45358-21252, 1-47992-55959, 1-48088-20840, and 1- 4356328982 to obtain Copyright Registration Certificate and Number.

19. Plaintiff has provided multiple notices to Defendant that the Images are subject to copyright and to cease use of the Images.

20. Plaintiff did not consent or authorize, permit, allow in any manner the use of the Images by Defendant.

21. Plaintiff is informed and believes that Defendant used Plaintiff's copyrighted works without his permission and that it published, communicated, benefited through, posted, publicized and otherwise held out to the public for commercial benefit, the original and unique work of Plaintiff without Plaintiff's consent or authority, and acquired monetary gain and market benefit as a result.

22. Plaintiff is informed and believes that Defendant used the Images within its printed weekly circulars, which were also featured on its business website, for at least two years and continues to do so presently. *See* Screenshots of Defendant's Use of Plaintiff's Images, attached hereto as "Exhibit B."

23. As of the date of this filing, Plaintiff's Images are still located and accessible on Defendant's weekly circulars and website server located at http://www.bestmarket.com/save/ allowing for further public access and downstream infringement. *See* Current Screenshots dated May 4, 2017 attached hereto as "Exhibit C."

24. Defendant used the Images to promote the Defendant's business.

25. Defendant's continued use of Plaintiff's Images, ignoring Plaintiff's request to cease unauthorized use, constitutes willful infringement.

26. Plaintiff did not consent to the use of his Images for commercial gain.

//

# FIRST CAUSE OF ACTION

## COPYRIGHT INFRINGEMENT

### Title 17 of the United States Code

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original materials and/or work.

29. Plaintiff is informed and believes and thereon alleges that Defendant infringed upon Plaintiff's copyrighted works in violation of Title 17 of the U.S. Code, in that it reproduced, published, communicated, benefited through, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique work of the Plaintiff's consent or authority and acquired monetary gain and market benefit as a result.

30. Defendant's willful, intentional, and malicious copyright infringement has cause and will continue to cause, Plaintiff to suffer substantial injuries, losses, and damage to Plaintiff's proprietary and exclusive rights.

31. As a result of each and every Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to actual damages and profits pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c).

32. As a result of the Defendant's violations of Title 17 of the U.S. code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

33. Defendant's copyright infringement and the threat of continuing infringement by Defendant has caused and will continue to cause Plaintiff to suffer repeated and irreparable injury; thus, Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

//

//

//

//

//

//

//

//

//

//

//

//

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant

- Awarding Plaintiff actual damages pursuant to 17 U.S.C. §504 (b), or statutory damages in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c);

- Awarding Plaintiff costs of litigation and reasonable attorney's fees, pursuant to 17 U.S.C. § 505;

- Enjoining the Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502; and

- Awarding any other relief the Court deems just and proper.

Dated: May 16, 2017                           Respectfully submitted,

**/s/ Rayminh L. Ngo**
Rayminh L. Ngo, Esq.
NY Bar No. rn4834
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
*Counsel for Plaintiffs*

9

## DEMAND FOR JURY TRIAL

Plaintiff, Adlife Marketing & Communications Co., Inc., hereby demands a trial by jury in the above matter.

Dated: May 16, 2017                               Respectfully submitted,

**/s/ Rayminh L. Ngo**
Rayminh L. Ngo, Esq.
NY Bar No. rn4834
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
*Counsel for Plaintiffs*