FILED
CLERK
3:40 pm, Oct 11, 2017
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
ADLIFE MARKETING &
COMMUNICATIONS CO., INC.,

    Plaintiff,

  -against-

BEST YET MARKET, INC.,

    Defendant.
----------------------------------------------------------X

**MEMORANDUM OF**
**DECISION & ORDER**
2:17-cv-2978 (ADS)(ARL)

**APPEARANCES:**

**HIGBEE & ASSOCIATES**
*Attorneys for the Plaintiff*
1504 Brookhollow Drive, Suite 112
Santa Ana, CA 92705
  By: Rayminh L. Ngo, Esq., Of Counsel

**COWAN DEBAETS ABRAHAMS & SHEPPARD LLP**
*Attorneys for the Defendant*
41 Madison Avenue, 38th Floor
New York, NY 10010
  By: Nancy Evelyn Wolff, Esq., Of Counsel

**SPATT, District Judge**:

  The Plaintiff, Adlife Marketing & Communications Co., Inc., ("Adlife" or the "Plaintiff") commenced this action against the Defendant, Best Yet Market, Inc. ("Best Yet" or the "Defendant"), for damages stemming from allegations of copyright infringement of a collection of the Plaintiff's photographs. The complaint, which invokes the Court's jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a), alleges causes of action resulting from violations of the federal Copyright Act of 1976 (the "Copyright Act"), 17 U.S.C. § 101 *et seq*. By this action, the Plaintiff seeks equitable relief in the form of an injunction preventing the Defendant from further

1

infringing on the Plaintiff's copyrighted works, pursuant to 17 U.S.C. § 502, and an award of monetary damages pursuant to 17 U.S.C. § 504(b), or statutory damages pursuant to 17 U.S.C. § 504(c).

Presently before the Court is a motion by the Defendant, pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 12(b)(6) to dismiss the Plaintiff's entire complaint. For the following reasons, the Defendants' motion to dismiss pursuant to Rule 12(b)(6) is granted without prejudice.

## I. BACKGROUND

### A. The Factual Background

Unless otherwise noted, the following salient facts are drawn from the complaint and are construed in favor of the Plaintiff.

#### 1. The Parties

The Plaintiff is a Pawtucket, Rhode Island based advertising and communications company, which license photography to people and companies for commercial purposes. The Plaintiff is a "copyright owner" and holds "exclusive rights" to many photographs. Complaint ¶¶ 7, 13.

The Defendant is a New York based regional supermarket chain that operates in New York, Connecticut, and New Jersey. The company's principal place of business is in Bethpage, NY. *Id.* ¶¶ 8-10.

#### 2. The Facts

The Plaintiff is the owner of 61 images (the "Images") that the Defendant has been using for at least two years in its weekly circular and on its website without the Plaintiff's permission.

A subset of the Images (the "Registered Images"), are registered with the United States Copyright Office under the Registration Numbers VA0002022966, VA0002024712, VA0002020887, VA0002035055, VA0002021644, VA0002023644, VA0002027767, VA0002024450, VA0002023233, VA0002020735, VA0002027172, and VA0002025939. The Plaintiff has not specified the number and identity of the Registered Images. *Id*. ¶ 17.

Another subset of the Images ("the Application Images"), contain applications that have been submitted by the Plaintiff to the United States Copyright Office under the Application Numbers: 1-43396-51801, 1-49272-21541, 1-45358-21231, 1-45358-21252, 1-47992-55959, 1-48088-20840, and 1- 4356328982   The Court is not aware of whether a final decision has been made as to their status or which Images are Application Images. *Id*. ¶ 18.

After the Plaintiff became aware of the Defendant's alleged unauthorized use of its copyrighted Images, the Plaintiff issued multiple notices to the Defendant that informed Best Yet that the Images "are subject to copyright and to cease use of the Images." *Id*. ¶ 19.

The Defendant continues to use the Plaintiff's Images as of the filing of the complaint with this Court. *Id*. ¶ 23.

**B.  The Procedural Background**

On May 16, 2017, the Plaintiff commenced this action against the Defendant by filing the complaint in this Court.

The present motion was filed on July 24, 2017 by the Defendant seeking to dismiss the entire complaint, pursuant to Rule 12(b)(6).

## II. DISCUSSION

### A. Standard of Review

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the Plaintiff. *See, e.g.*, *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013); *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Bold Elec., Inc. v. City of New York*, 53 F.3d 465, 469 (2d Cir. 1995); *Reed v. Garden City Union Free Sch. Dist.*, 987 F. Supp. 2d 260, 263 (E.D.N.Y. 2013).

Under the *Twombly* standard, the Court may only dismiss a complaint if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). The Second Circuit has expounded that, after *Twombly,* the Court's inquiry under Rule 12(b)(6) is guided by two principles:

> First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss and [d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009)).

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to survive a motion to dismiss. FED. R. CIV. P. 8(a)(2). Under Rule 8, a complaint is not required to allege "detailed factual allegations." *Kendall v. Caliber Home Loans, Inc.*, 198 F. Supp. 3d 168, 170 (E.D.N.Y. 2016) (quoting *Twombly*, 550 U.S. at 555). "In

ruling on a motion pursuant to FED. R. CIV. P. 12(b)(6), the duty of a court 'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) (quoting *Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998)). The Court "[is] not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

**B. Applicable Law**

The Copyright Act advances Congress's aims of furthering art and science "by granting authors a limited monopoly over (and thus the opportunity to profit from) the dissemination of their original works of authorship." *Authors Guild, Inc. v. HathiTrust*, 755 F.3d 87, 95 (2d Cir. 2014). It states that "the owner of copyright under this title has the exclusive rights to do and authorize . . . (1) to reproduce the copyrighted work in copies or phonorecords; . . . (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or transfer of ownership, or by rental, lease, or lending[.]" 17 U.S.C. § 106. If a person or entity violates the owner's exclusive rights, that person shall be liable for such infringement. 17 U.S.C. § 501.

"A properly plead[ed] copyright infringement claim must allege (1) which specific original works are the subject of the copyright claim, (2) that plaintiff owns the copyrights in those works, (3) that the copyrights have been registered in accordance with the statute, and (4) by what acts during what time the defendant infringed the copyright." *Warren v. John Wiley & Sons, Inc.*, 952 F. Supp. 2d 610, 616 (S.D.N.Y. 2013) (quoting *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992)); *accord Kuklachev v. Gelfman*, 600 F. Supp. 2d 437, 473 (E.D.N.Y. 2009).

The Defendant argues that a subset of the Images, the Application Images are not registered in accordance with the Copyright Act; that the Plaintiff fails to allege registration for the Registered

5

Images with the requisite specificity; and that the Plaintiff does not identify an "actual use" for two of the Images.

**C. Registration**

    **1. Whether the Plaintiff Establishes a Claim with Respect to Unregistered Images**

The Defendant contends that the Plaintiff's claim for copyright infringement fails to state a plausible claim because the Plaintiff has not yet obtained registration for the Application Images, as contemplated by the Copyright Act. The Plaintiff counters that there is a split of authority in the Second Circuit regarding whether registration is required to file a copyright infringement claim and urge this Court to adopt the "application approach." For the reasons stated below, the Court grants the Defendant's motion to dismiss for failure to state a claim without prejudice.

According to the Copyright Act, registration is not a prerequisite to attaining copyright protection. *See* 17 U.S.C. § 408(a). However, "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." *Id.* § 411(a). The overwhelming majority of district courts in this Circuit require that before filing a civil claim, a plaintiff either (1) holds a valid copyright registration, or (2) has applied for and has been refused registration. *See, e.g.*, *Manhattan Review LLC v. Yun*, No. 16-civ.-102, 2016 WL 6330474, at *5 (S.D.N.Y. Aug. 15, 2016) ("[T]he consensus among courts in the Second Circuit clearly favors the registration approach, under which … application for copyright registration cannot sustain a claim for infringement prior to its approval or rejection." (internal citations omitted)) *report and recommendation adopted sub nom. Manhattan Review LLC v. Yun*, No. 16-cv-102, 2016 WL 6330409 (S.D.N.Y. Oct. 26, 2016); *Muench Photography, Inc. v. Hoghton Mifflin Harcourt Pub. Co.*, No. 09-cv-2669, 2012 WL 1021535, at *2 (S.D.N.Y. Mar. 26, 2012) (collecting cases);

*Membler.com LLC v. Barber*, No. 12-cv-4941, 2013 WL 5348546, at *4 (E.D.N.Y. Sept. 23, 2013) (same); *BWP Media USA, Inc. v. Gossip Cop Media, LLC*, 87 F. Supp. 3d 499, 503-04 (S.D.N.Y. 2015) (same); *Zuma Press, Inc. v. Getty Images (US), Inc.*, No. 16-civ.-6110, 2017 WL 2829517, at *4 (S.D.N.Y. June 29, 2017) (same); *Lumetrics, Inc. v. Blalock*, 23 F. Supp. 3d 138, 143-44 (W.D.N.Y. 2014) (same).

The Court is in agreement with the vast majority of courts in this Circuit that a pending copyright application is an insufficient basis to state a claim for copyright infringement under 17 U.S.C. § 411(a).

This requirement is supported by the Supreme Court's recent decision in *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 130 S.Ct. 1237, 176 L.Ed.2d 18 (2010). There, the Supreme Court ruled that "[Section 411(a) of the Copyright Act] establishe[d] a condition-copyright registration- that plaintiffs ordinarily must satisfy before filing an infringement claim and invoking the [Copyright] Act's remedial provisions." *Id*. at 158. Although *Reed Elsevier* overruled pre-2010, Second Circuit cases that held that failing to register was a jurisdictional defect, "it did not affect the holdings that a work with a pending application is not a registered work within the meaning of Section 411(a) [of the Copyright Act]." *K-Beech, Inc. v. Does 1-29*, No. 11-civ.-3331, 2011 WL 4401933, at *1 n.2 (E.D.N.Y. Sept. 19, 2011) (internal citations omitted).

In the instant action, the Plaintiff seeks to hold the Defendant liable for copyright infringement for two categories of Images, the Registered Images and the Application Images. It is undisputed that the Registered Images meet the Copyright Act's requirements under either the registration requirement or the application requirement. However, for the Application Images, the Plaintiff merely filed applications with the Copyright Office and has not yet received a decision on their status. Further, the Plaintiff has failed to allege that the Application Images are subject to

any of the Copyright Act's enumerated exceptions. *See* 17 U.S.C. § 411 (a), (c)(1)-(2). As discussed, the Copyright Act's registration requirement is a precondition to seeking relief in this Court. Therefore, if an Image is not registered, an infringement claim may not be brought before this Court. Given that it is impossible to separate the Plaintiff's claims based on registered copyrights, the Plaintiff therefore fails to state a viable claim.

**2. Whether the Plaintiff May Amend the Complaint**

The Plaintiff requests that the Court grant leave to amend the complaint in the event that the Court finds that Plaintiff's copyright infringement claim is insufficient.

According to Rule 15(a), any party may amend a pleading "by leave of court or by written consent of the adverse party . . . [L]eave shall be freely given when justice so requires[.]" FED. R. CIV. P. 15(a). Courts have liberally interpreted this Rule. See *D.C.R. Trucking & Excavation, Inc. v. Aetna Cas. And Sur. Co.*, No. 96-cv-3995, 2002 WL 32096594, at *8 (E.D.N.Y. Oct. 31, 2002). The power to amend a pleading is within the discretion of the District Court. *See Gursky v. Northwestern Mut. Life Ins. Co.*, 139 F.R.D. 279, 281 (E.D.N.Y. 1991) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 222 (1962)); *see also Zahara v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995). "When a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." *Hayden v. Cty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999), overruled on other grounds, *Gonzaga v. Doe*, 536 U.S. 273, 122 S. Ct. 2268, 153 L. Ed. 2d 309 (2002); *see also Porat v. Lincoln Towers Cmty. Ass'n*, 464 F.3d 274, 276 (2d Cir. 2006) (per curiam) ("[The Second C]ircuit strongly favors liberal grant of an opportunity to replead after dismissal of a complaint under rule 12(b)(6).").

"Amendment should only be denied for good reasons such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

8

previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Res. Mine, Inc. v. Gravity Microsystem LLC*, No. 09-cv-573, 2014 U.S. Dist. LEXIS 172278, at *10-11 (E.D.N.Y. June 27, 2014) (Report and Recommendation) (quoting *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008)), adopted, 2014 U.S. Dist. LEXIS 53980 (E.D.N.Y. Dec. 11, 2014).

"The Rule reflects two of the most important principles behind the Federal Rules: pleadings are to serve the limited role of providing the opposing party with notice of the claim or defense to be litigated . . . and mere technicalities should not prevent cases from being decided on the merits." *D.C.R. Trucking & Excavation, Inc.*, 2002 WL 32096594, at *8 (quoting *Monahan v. N.Y. City Dep't of Corrections*, 214 F.3d 275, 283 (2d Cir. 2000), cert denied, 531 U.S. 1035, 121 S. Ct. 623, 148 L. Ed. 2d 533 (2000)).

The Plaintiff's complaint, in its current form, fails to differentiate which images are Registered Images and which are Application Images. This prevents the Plaintiff from successfully pleading a claim for any image, as the Court is unable to distinguish the Plaintiff's allegations based upon the registered copyrights versus the unregistered copyrights. In order to properly plead a claim, the Plaintiff must identify "which specific original works are the subject of the copyright claim," *Kuklachev*, 600 F. Supp. 2d at 473, which, for the Plaintiff means the Images that are registered with the Copyright Office. *See Yun*, 2016 WL 6330474, at *5 n.8 ("It perhaps goes without saying that I also recommend that plaintiffs be given an opportunity to amend their complaint, given the ease by which the defect can be cured." (internal citations omitted)).

Accordingly, the Court grants the Plaintiff's request for leave to amend the complaint. Further, the Court notes that if the Copyright Office has subsequently rendered any decision on Application Images that are the subject of this lawsuit, the Plaintiff may add such images to the

amended complaint. *See Membler.com*, 2013 WL 5348546, at *5 (noting that a plaintiff should amend a complaint if the plaintiff has received additional registrations after the filing of the original complaint).

**D. Whether the Plaintiff Alleges Registration in Compliance with the Copyright Act**

The Defendant asserts that the Plaintiff fails to plead with sufficient specificity that the Images' copyrights were registered pursuant to the Copyright Act. In opposition, the Plaintiff argues that the Defendant seeks to hold the Plaintiff to a higher pleading standard than that which is required at this stage of the litigation. The Court finds that for the reasons stated below, the claim is insufficiently pled.

At the motion to dismiss stage, a plaintiff is only required to allege, "that plaintiff owns the copyrights in those works… [and] that the copyrights have been registered in accordance with the statute." *Kelly*, 145 F.R.D. at 36; *accord Warren*, 952 F. Supp. 2d at 617. Contrary to the Defendant's contentions, the Plaintiff is not required to attach registration certificates for the purposes of this motion. "[T]he complaint is not required to attached copies of registration certificates or provide registration numbers for all of the copyrights at issue in order to survive a motion to dismiss." *Palmer Kane LLC v. Scholastic Corp.*, No. 12-cv-3890, 2013 WL 709276, at *3 (S.D.N.Y. Feb. 27, 2013) (internal citations omitted); *accord Warren*, 952 F. Supp. 2d at 617 ("In short, it would be inappropriate for the Court to require production of the relevant certificates of incorporation at this preliminary stage of the litigation."). Such an inquiry is more appropriate for summary judgment. *See Warren,* 952 F. Supp. 2d at 617 (internal citations omitted).

Here, the Plaintiff discloses that the Application Images have not yet been registered. However, the complaint fails to identify which Images were Registered Images and which were

10

Application Images. Without such information in the pleadings, the Court cannot determine which works are registered under the Copyright Act.

As such, the Plaintiff fails to state a claim for copyright infringement.

## E. Whether the Plaintiff Identifies Acts of Infringement

Finally, the Defendant argues that the Plaintiff fails to plead "by what acts during what time the defendant infringed the copyright," *Kelly*, 145 F.R.D. at 36, for two images, one of a group of kiwis and another, a collection of butternut squash. In its briefing, the Plaintiff did not address this argument. The Court rejects the Defendant's argument that the Plaintiff failed to sufficiently plead specific infringing acts because it places a heightened pleading obligation upon the Plaintiff that this Circuit's jurisprudence does not require.

According to Rule 8, the proper pleading standard for alleging copyright infringement, "[s]pecific facts are not necessary, the statement must give the defendant fair notice of what … the claim is and the grounds upon which it rests." *Lefkowitz v. McGraw-Hill Educ. Holdings, LLC*, 23 F. Supp. 3d 344, 353 (S.D.N.Y. 2014) (internal citations and quotations omitted). The Plaintiff is not required to "specify how each particular photograph has been infringed," *Id*. at 353 (internal citations omitted), as the Defendant advocates, but merely to provide the basic notice required under Rule 8.

In the complaint, the Plaintiff identifies and attaches the Images that the Plaintiff claims were infringed and details the bases for the copyright infringement. Further, the Plaintiff attaches to the complaint examples of unauthorized use of the Images by the Defendant. *Warren*, 952 F. Supp. 2d at 618 ("[I]t is not fatal to [the] copyright claim that the complaint fails to specify how each particular photograph has been infringed."). The Defendant's attempt to have the Court examine the images at issue to determine arrangement, shape, and cut of fruits is inappropriate at

11

the motion to dismiss stage. *See Capitol Records, Inc. v. Wings Digital Corp.*, 218 F. Supp. 2d 280, 284 (E.D.N.Y. 2002) ("Once there has been notice of the claim, the factual details and evidentiary issues . . . should be developed during discovery."); *Young-Wolff v. McGraw-Hill Companies*, No. 13-cv-4372, 2014 WL 349711, at*5 (S.D.N.Y. Jan. 31, 2014) ("To the extent that Defendant argues that Plaintiff must allege how each particular photograph has been infringed, the Court rejects that argument." (internal citations omitted)).

Accordingly, the Court declines to examine the images at issue at the motion to dismiss stage.

### III. CONCLUSION

For the foregoing reasons, the Defendant's motion pursuant to Rule 12(b)(6), to dismiss the Plaintiff's complaint is granted without prejudice. The Court also grants the Plaintiff's request for leave to amend the complaint. The Plaintiff is instructed to file an amended complaint that cures the deficiencies discussed above within thirty (30) days of the date of this Memorandum of Decision & Order. Failure to file an amended complaint within thirty (30) days shall waive the right to amend granted herein and the claims dismissed without prejudice shall, upon proper motion by the Defendant, be dismissed with prejudice.

It is **SO ORDERED**:

Dated: Central Islip, New York

October 11, 2017

*\_\_/s/ Arthur D. Spatt\_\_*

ARTHUR D. SPATT

United States District Judge