UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ADLIFE MARKETING &
COMMUNICATIONS CO., INC.,

                Plaintiff,

      -against-

BEST YET MARKET, INC.,

                Defendant.
----------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**
2:17-cv-2978 (ADS)(ARL)

FILED
CLERK

9/24/2018 11:11 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**APPEARANCES:**

**HIGBEE & ASSOCIATES**
*Attorneys for the Plaintiff*
1504 Brookhollow Drive, Suite 112
Santa Ana, CA 92705
      By:    Rayminh L. Ngo, Esq., Of Counsel

**COWAN DEBAETS ABRAHAMS & SHEPPARD LLP**
*Attorneys for the Defendant*
41 Madison Avenue, 38th Floor
New York, NY 10010
      By:    Nancy Evelyn Wolff, Esq., Of Counsel

**SPATT, District Judge**.

      The Plaintiff, Adlife Marketing & Communications Co., Inc., ("Adlife" or the "Plaintiff") commenced this action against the Defendant, Best Yet Market, Inc. ("Best Yet" or the "Defendant"), for damages stemming from allegations of copyright infringement of a collection of the Plaintiff's photographs. The complaint, which invokes the Court's jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a), alleges causes of action resulting from violations of the Federal Copyright Act of 1976 (the "Copyright Act"), 17 U.S.C. § 101 *et seq*.

1

On October 11, 2017, the Court granted the Defendant's motion to dismiss the complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rules" or "FED. R. CIV. P."), and granted the Plaintiff leave to file an amended complaint that cured the deficiencies within 30 days. *See* Docket Entry ("Dkt.") 12 (the "Order").

On November 3, 2017, the Plaintiff filed an amended complaint that, according to the parties, cured the deficiencies identified in the Court's Order. *See* Dkt. 13. The Defendant answered the first amended complaint on December 1, 2017. *See* Dkt. 16. Along with the answer, the Defendant attached several exhibits, including invoices and part of a licensing agreement between the Defendant and Multi-Ad Services, Inc. ("Multi-Ad"). Multi-Ad is a third-party licensing agency that purportedly licensed the Plaintiff's photography to the Defendant.

On March 8, 2018, Magistrate Judge Arlene R. Lindsay issued a scheduling order that required the parties to file all amendments to pleadings on or before May 14, 2018. *See* Dkt. 22.

On May 14, 2018, the Plaintiff filed the instant motion to amend the complaint along with the proposed second amended complaint. The background of this case is set forth in the Order and familiarity with that decision is assumed.

All discovery is to be completed in this case on or before November 19, 2018.

For the reasons set forth below, the motion by the Plaintiff is granted.

**I. DISCUSSION**

**A. The Legal Standard**

FED. R. CIV. P. 15(a), which typically governs a motion to amend a complaint, states, in relevant part, "A party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P.

2

15(a)(2). Unless there is a showing of bad faith, undue delay, futility or undue prejudice to the non-moving parties, the district court should grant leave to amend. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave should ... be freely given."); *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (internal citations omitted); *Hemphill v. Schott*, 141 F.3d 412, 420 (2d Cir. 1998). The decision on whether to grant a motion to amend rests within the sound discretion of the district court. *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 603-04 (2d Cir. 2005); *Hemphill*, 141 F.3d at 420; *John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.*, 22 F.3d 458, 462 (2d Cir. 1994).

**B. Application to the Facts**

In the instant case, the Plaintiff seeks to amend the complaint to add substantial detail to its copyright infringement claim as well as 32 additional photographs to that claim. The Plaintiff alleges that the proposed changes "simply … augment the description of facts surrounding Defendant's infringement," while the Defendant contends that Adlife "seek[s] to introduce new theories of infringement." The Defendant further asserts that the Plaintiff knew of the underlying facts upon which the amendment is based prior to the commencement of this suit; that the proposed amendments are futile; that the Defendant will suffer undue prejudice; and that it proposes inconsistent changes to dates without explanation.

### 1. Whether the Proposed Amendments Materially Alter the Plaintiff's Claim

At the core of Best Market's argument is that the proposed amendments materially alter the Plaintiff's copyright infringement claims. Specifically, the Defendant asserts that Adlife's cause of action is a "moving target" that continues to evolve in an effort to avoid dismissal. The proposed amendments add a substantial amount of additional detail to the claim and alter the nature of portions of the claim. *See* Dkt. 25-1 ¶¶ 52-55. While the Defendant maintains that these are "in anticipation of [their] likely dismissal," the Plaintiff reasons that these additional facts were based on information discovered in Best Yet's answer.

Federal courts have consistently granted motions to amend where "it appears that new facts and allegations were developed during discovery, are closely related to the original claim, and are foreshadowed in earlier pleadings." *Xpressions Footwear Corp. v. Peters*, Nos. 94 Civ. 6136, 95 Civ. 8242, 95 Civ. 8243, 1995 WL 758761, at *2 (S.D.N.Y. Dec. 22, 1995). The Defendant's answer and subsequent exhibits contained new facts that ultimately developed into the proposed amendments. These refined aspects of the claim do not make Adlife's complaint a "moving target," but merely add additional facts to the original cause of action. *See id.* This creates a more focused, narrowly-tailored claim than that which is present in the current version of the complaint.

Even if Adlife's proposed amendments added additional claims or could be considered a "moving target," the proposed amendments would remain proper. The Plaintiff justifies the amendments by noting that at the time of the original complaint, Adlife did not possess the documents that were part of the Defendant's answer. While the Defendant notes that the Plaintiff may have known of the existence of a potential license agreement, the record also contains information that suggests that the Plaintiff did not know that there was a potential

license, let alone its details. To the extent that the Defendant argues that the Plaintiff knew of the license agreement, this is a factual dispute that the Court will not resolve on a motion to amend. *See, e.g.*, *Ray v. Weit*, 708 F. App'x 719, 722 (2d Cir. 2017) (summary order) ("[A] factual dispute … could not have been resolved on a motion to dismiss); *Henry Avocado Corp. v. Z.J.D. Brother, LLC*, No. 17-CV-4559 (ARR), 2017 WL 6501864, at *5 (E.D.N.Y. Dec. 19, 2017) (holding that an argument that relies on factual disputes cannot be resolved on a motion to dismiss); *Vale v. Great Neck Water Pollution Control Dist.*, 80 F. Supp. 3d 426, 438 (E.D.N.Y. 2015) (Spatt, J.) ("The Defendant further contends that it changed the Plaintiff's work schedule prior to her injury. However, on a motion to dismiss, the Court cannot resolve factual disputes."). Accordingly, the Court will not reject the proposed amendments based on a factual dispute better addressed during a potential trial. At the present stage, the Plaintiff's assertion that it only recently became aware of the facts which were integrated into the proposed amendments adequately explains the lack of inclusion in the original complaint. *See Enzymotec Ltd. v. NBTY, Inc.*, 754 F. Supp. 2d 527, 537 (E.D.N.Y. 2010) (Spatt, J.) (granting a motion to amend when plaintiff "may have suspected prior to filing the Initial Complaint" that the defendant breached an agreement but only filed a motion to amend when its claim was "based on factual allegations, not factual speculation").

Further, there is no indication that bad faith motivated the Plaintiff's failure to include these facts in the original complaint. As Rule 15 dictates that the Court "should freely give leave when justice so requires," FED. R. CIV. P. 15(a)(2), the Court does not believe that the conduct alleged by the Defendant rises to a level that would prompt this Court to decline to exercise its discretion to grant the motion.

### 2. Whether the Proposed Amendments Prejudice the Defendant

The Defendant asserts that the proposed amendments would prejudice Best Yet. In assessing the likelihood of prejudice, the Court examines whether the proposed amendment would "'(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction.'" *Ross Prod. Div. Abbott Labs. Inc. v. Saper*, No. CV 06-3264, 2007 WL 1288125, at *2 (E.D.N.Y. Apr. 26, 2007) (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)); *accord Ruotolo v. City of New York*, 514 F.3d 184, 192 (2d Cir. 2008). The Defendant's primary contention is that, "[it] has invested significant time and resources on this case[.] … If the proposed amendment is allowed, Defendant will have to spend additional resources to reevaluate and adjust its strategy in view of the [proposed amendments]."

Parties are constantly required to adjust their strategy based on discovery, orders by a court, and a variety of other circumstances both within and outside of their control. As the Defendant knows, a strategy will shift throughout the lifecycle of a case. In the instant case, a review of the docket reveals a series of orders that likely required the Defendant to deviate from its original strategy. At this stage of the litigation, prior to the conclusion of discovery, it is likely to do so again prior to trial. Regardless, this is to be expected of litigants. *See Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D. 170, 174 (S.D.N.Y. 2014) ("[A]llegations that an amendment will require the expenditure of additional time, effort, or money do not themselves constitute undue prejudice.").

Adlife filed the instant motion within the time period prescribed by Magistrate Judge Shields' scheduling order. *See* Dkt. 22. It will not significantly delay any aspect of the case nor

6

require the Defendant to spend drastically more on discovery or trial. Even if supplementary discovery is required, any additional burden on the Defendant would be minimal. *See generally United States v. Cont'l Ill. Nat'l Bank & Trust Co.*, 889 F.2d 1248, 1255 (2d Cir. 1989) ("the adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading"); *Christians of California, Inc. v. Clive Christian New York, LLP*, No. 13 Civ. 0275 (KBF) (JCF), 2014 WL 3605526, at *5 (S.D.N.Y. July 18, 2014) (internal citations omitted). Furthermore, discovery has not yet been completed and no summary judgment motions have been filed. *See Olaf Soot Design, LLC v. Daktronics, Inc.*, No. 15 CIV. 5024 (RWS), 2017 WL 4861994, at *3 (S.D.N.Y. Oct. 26, 2017) ("Courts are more likely 'to find prejudice where the parties have already completed discovery and the defendant has moved for summary judgment.'" (quoting *Werking v. Andrews*, 526 F. Appx 94, 96 (2d Cir. 2013))).

The proposed amended complaint's additional facts "arise out of the same core of operative facts" as the original case. This mitigates the potential prejudice suffered by the Defendant because it was notified of the basic allegations at the commencement of the lawsuit. *See Upper Valley Ass'n for Handicapped Citizens v. Mills*, 928 F. Supp. 429, 434 (D. Vt. 1996).

Accordingly, the Court finds that the Defendant will not suffer undue prejudice if the Plaintiff's proposed amendments are approved, as they were not made "on the eve of trial [nor would they] result in new problems of proof." *Ruotolo*, 514 F.3d at 192 (quoting *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)); *accord Estrada v. Cty. of Nassau*, No. 05 Civ. 1821 (LDW) (ARL), 2010 WL 2218802, at *1 (E.D.N.Y. May 28, 2010).

### 3. Whether the Proposed Amendments Are Futile

The Defendant has alleged that the proposed amendments to the complaint would be futile. In considering whether a proposed amendment to a complaint is futile, the Court must

determine whether it could withstand a Rule 12(b)(6) motion to dismiss. *Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the Plaintiff. *See, e.g.*, *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013); *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Bold Elec., Inc. v. City of N.Y.*, 53 F.3d 465, 469 (2d Cir. 1995); *Reed v. Garden City Union Free Sch. Dist.*, 987 F. Supp. 2d 260, 263 (E.D.N.Y. 2013).

Under the now well-established *Twombly* standard, the Court may only dismiss a complaint if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). The Second Circuit has expounded that, after *Twombly,* the Court's inquiry under Rule 12(b)(6) is guided by two principles:

> First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss and [d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009)).

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to survive a motion to dismiss. FED. R. CIV. P. 8(a)(2). Under Rule 8, a complaint is not required to allege "detailed factual allegations." *Kendall v. Caliber Home Loans, Inc.*, 198 F. Supp. 3d 168, 170 (E.D.N.Y. 2016) (quoting *Twombly*, 550 U.S. at 555). "In ruling on a motion pursuant to FED. R. CIV. P. 12(b)(6), the duty of a court 'is

merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) (quoting *Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998)). The Court "[is] not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

The Second Circuit has advised against denying a motion to amend based on futility unless it is "'beyond doubt that the plaintiff can prove no set of facts in support' of his amended claims." *Pangburn v. Culbertson*, 200 F.3d 65, 71 (2d Cir. 1999) (quoting *Ricciuti v. N.Y. City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) *overruled on other grounds by* 544 U.S. 197 (2005)); *accord Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc.*, 748 F.2d 774, 783 (2d Cir. 1984) (to overcome futility argument, moving party need only show "at least colorable grounds for relief").

The Court has previously examined the Adlife's only cause of action in a prior motion to dismiss, *see* the Order, and the Plaintiff subsequently cured any deficiencies found by the Court. To evaluate the present futility argument, the Court reviews the newly designated portions of the complaint that contains additional factual allegations to determine if the copyright infringement cause of action states a plausible claim for relief. *Iqbal*, 556 U.S. at 679.

The Copyright Act advances Congress's aims of furthering art and science "by granting authors a limited monopoly over (and thus the opportunity to profit from) the dissemination of their original works of authorship." *Authors Guild, Inc. v. HathiTrust*, 755 F.3d 87, 95 (2d Cir. 2014). It states that "the owner of copyright under this title has the exclusive rights to do and authorize . . . (1) to reproduce the copyrighted work in copies or phonorecords; . . . (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or transfer of

ownership, or by rental, lease, or lending[.]" 17 U.S.C. § 106. If a person or entity violates the owner's exclusive rights, that person shall be liable for such infringement. 17 U.S.C. § 501.

"A properly plead[ed] copyright infringement claim must allege (1) which specific original works are the subject of the copyright claim, (2) that plaintiff owns the copyrights in those works, (3) that the copyrights have been registered in accordance with the statute, and (4) by what acts during what time the defendant infringed the copyright." *Warren v. John Wiley & Sons, Inc.*, 952 F. Supp. 2d 610, 616 (S.D.N.Y. 2013) (quoting *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992)); *accord Kuklachev v. Gelfman*, 600 F. Supp. 2d 437, 473 (E.D.N.Y. 2009).

In particular, the Defendant contends that the Plaintiff's new contention that the Defendant "impermissibly exceeded the scope of [its] license" merely states a legal conclusion, and that the Plaintiff's assertion that the Defendant did not purchase a license from MultiAd in 2016 is contradicted by the record. Turning to the first argument, Adlife's amendment does not merely state a legal conclusion, but is based on the invoices attached to the Defendant's answer. These documents are integral to the Plaintiff's proposed amendments to the complaint, and are therefore properly considered in adjudicating this motion. *E. Materials Corp. v. Mitsubishi Plastics Composites Am., Inc.*, 307 F. Supp. 3d 52, 57-58 (E.D.N.Y. 2018) (Spatt, J.). These documents call into question the scope of Best Yet's purported license with Multi-Ad, whether it included the photographs at issue, and the timeframe it was in effect. *See, e.g.*, Declaration of Joel Albrizio, Exhibit A, Dkt. 29-1 at 7-18. This contention is grounded in the Plaintiff's reading of the record and is not merely a legal conclusion.

Best Yet also argues that the Plaintiff's proposed statement that the Defendant did not purchase a license from Multi-Ad in 2016 is refuted by the record. While portions of the record

appear to indicate that Best Yet was a licensed customer of Multi-Ad in 2016, *see* Dkt. 16-3 at 3 ("Our records indicate Best Yet Markets has been a Creative Outlet subscriber since June 1st 2010. You have the Ad-Builder and Food by Adlife products."), the record also contains information that implies that either that license did not include the photographs at issue or that the license was not current in 2016, *see* Dkt. 29-1 at 9-12 (indicating that Best Yet was only billed for "ADBUILDER.COM PREPAY" from 2012 through 2015), 13-14 (billing Best Yet for "MONTHLY ART SERVICES") in 2016 and 2017).

The parties offer different accounts of the facts with regard to this issue, which cannot be resolved on a motion to dismiss. *See Iqbal*, 556 U.S. at 679; *Fin. Guar. Ins. Co. v. Putnam Advisory Co.*, 783 F.3d 395, 405 (2d Cir. 2015). *See, e.g.*, *Ray*, 708 F. App'x at 722 ("[A] factual dispute … could not have been resolved on a motion to dismiss); *Henry Avocado Corp*, 2017 WL 6501864, at *5 (holding that an argument that relies on factual disputes cannot be resolved on a motion to dismiss); *Vale*, 80 F. Supp. 3d at 438 ("The Defendant further contends that it changed the Plaintiff's work schedule prior to her injury. However, on a motion to dismiss, the Court cannot resolve factual disputes."). "[I]nstead, a district court must credit the facts in the plaintiff's well-pleaded complaint as true and draw all plausible inferences in the plaintiff's favor at this procedural stage." *Henry Avocado Corp.*, 2017 WL 6501864, at *6. It can reasonably be inferred from the proposed amendments to the complaint that the Defendant did not purchase a license from Multi-Ad in 2016.

Reading the proposed amendments to the complaint in the light most favorable to the Plaintiff, the Court finds that they contain sufficient detail to withstand a motion to dismiss.

### 4. Whether the Proposed Date Changes are an Attempt to Salvage the Claim

Finally, the Defendant contends that the Plaintiff's proposed changes to alleged infringement dates should be rejected as a last-ditch effort to salvage its claim. The Court disagrees. In the course of this litigation, Adlife received additional information, which apparently allowed it to review and adjust the timelines for various photographs. This is precisely the type of amendment that this Court typically encourages. When new information comes into focus, at times it requires a plaintiff to modify its pleadings to clarify inaccuracies that may have found its way into the original complaint.

Best Yet maintains that Adlife's reasons for altering the dates in the proposed amended complaint are made in bad faith. By changing some of the dates of the Defendant's alleged earliest infringement, the Plaintiff is able to qualify for statutory damages and attorneys' fees under the statute for additional purported infringements. *See* 17 U.S.C. § 412(2) ("no award of statutory damages or of attorney's fees … shall be made for … any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after first publication of the work"). However, there is nothing in Adlife's proposed amendments that suggests any bad faith on its part. The Plaintiff's revised dates are purportedly based on information it received from the Defendant in this case. The impact that these changes have on damages is not, in and of itself, evidence of bad faith.

However, the Plaintiff creates considerable confusion with its use of the term "earliest documented appearance" of its photographs. In its Best Market Infringement Worksheet, Adlife identifies the photographs-at-issue and lists the name of the work, the registration number, copyright registration date, creation date, publication date, earliest documented appearance, and

infringement count. *See* Dkt. 25-2. In many instances, this information is consistent with the Photography Licensing Audit conducted for Adlife. *See* Dkt. 25-8. However, for certain photographs, the "earliest documented appearance" listed on the Photography Licensing Audit is different from that listed on the Best Market Infringement Worksheet. Adlife contends that the term, as used in its pleadings, "is not necessarily the earliest documented use of the identified Photograph in question by Defendant. Rather, it is the earliest documented appearance of an *infringing* use of the identified Photograph of by Defendant." For example, Bottom RoundRoastRawHR0505 has an "earliest documented appearance" of November 25, 2016 in the Photography Licensing Audit and of March 10, 2017 in the Best Market Infringement Worksheet. Further, March 10, 2017 is listed as the only "Date of Appearance in Best Market Circular" in the Best Market Infringement Worksheet. However, that same document lists eight counts of infringement. In the Court's opinion, the use of these various terms on the Best Market Infringement Worksheet is unclear.

Accordingly, the Plaintiff is required to amend the Best Market Infringement Worksheet as follows: (1) the revised worksheet must include a key that defines each of the categories included in the chart; (2) the Plaintiff shall revise the dates associated with "earliest documented appearance" to be consistent with the Photography Licensing Audit; and (3) the Plaintiff shall include a new category entitled "earliest infringing use" which shall identify the alleged earliest documented appearance of an infringing use of a photograph by Best Yet.

## II. CONCLUSION

For the foregoing reasons, the Court grants the Plaintiff's motion to amend the complaint. The Plaintiff shall file a Second Amended Complaint that is consistent with the revisions set forth in this opinion within twenty (20) days of this order.

It is **SO ORDERED**:

Dated: Central Islip, New York

September 24, 2018

                                                                                                      */s/ Arthur D. Spatt*

                                                                                         ARTHUR D. SPATT

                                                                           United States District Judge