# EXHIBIT F

Rayminh L. Ngo, Esq., SBN rn4834
Ryan E. Carreon, *Pro Hac Vice*
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8336
(714) 597-6559 facsimile
ray@higbeeassociates.com
rcarreon@higbeeassociates.com

Attorney for Plaintiff,
ADLIFE MARKETING & COMMUNICATIONS Co. INC.,

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION**

| | |
|---|---|
| ADLIFE MARKETING & COMMUNICATIONS CO. INC.,<br><br>            Plaintiff,<br><br>v.<br><br>BEST YET MARKET, INC.,<br><br>            Defendant. | Case No. 2:17-cv-02978-ADS-ARL<br><br>**PLAINTIFF ADLIFE'S OBJECTIONS AND RESPONSES TO DEFENDANT BEST YET MARKET'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of New York, responding party Adlife Marketing & Communications Co. Inc. ("Responding Party") hereby provides the following objections and responses to Defendant Best Yet Market, Inc.'s ("Propounding Party") Second Set of Requests For Production of Documents as follows:

## GENERAL RESPONSES

Responding Party submits these responses subject to, without waiver of, and expressly preserving, the right at any time to amend, revise, correct, supplement, or

clarify any of the objections and responses herein at any time, up to and including trial. Responding Party also submits these responses subject to, without waiver of, and expressly preserving: (a) any objections as to the competency, relevance, materiality, privilege, or admissibility of any of the responses or any of the documents identified in any response hereto; (b) the right to object to other discovery procedures involving or relating to the subject matter of the responses herein; (c) the right to object on any ground, at any time, to such other or supplemental Requests for Production of Documents Propounding Party may at any time propound, involving or relating to the subject matter of the Second Set of Requests for Production of Documents. Responding Party hereby expressly preserves all rights, remedies and recourse against Propounding Party with respect to discovery and otherwise. Inadvertent production, revelation or identification of privileged information by Responding Party is not a waiver of any applicable privilege.

Additionally, Responding Party has not completed investigation of the facts and documents relating to this action and has not completed trial preparation. Consequently, Responding Party responds to each Request for Production to the best of Responding Party's present, existing knowledge. Responding Party reserves the right to amend, revise, correct, supplement, or clarify any of the objections and responses herein pursuant to any facts or information gathered at any time subsequent to the date of this response. Moreover, the responses contained herein are not intended to and shall not preclude Responding Party from making any contentions or relying upon any facts or documents at trial, whether or not identified or relied upon herein, which result from subsequently discovered information and/or evidence.

## **GENERAL OBJECTIONS**

Plaintiff Adlife Marketing & Communications Co. Inc. ("Responding

Party") makes the following general objections with respect to the information and/or the documents that may be produced:

1.     Responding Party objects to each Request for Production to the extent that it requests information subject to the attorney-client privilege, work product doctrine, or any other applicable privilege and Responding Party will not produce such information. To the extent any information is inadvertently produced, such production is not intended as any waiver of the attorney-client privilege or any applicable privilege.

2.     Responding Party objects to the requests on the ground that the information and/or documents sought are not relevant to the subject matter of this action nor are they proportionate to the needs of the case.

3.     Responding Party objects to the requests on the ground that the requests are overbroad, vague and ambiguous.

4.     Responding Party objects to the requests on the ground that the requests seek information and/or documents that are equally available to the requesting party, its agents, privies and assigns.

5.     Responding Party objects to the requests on the ground that the requests seek confidential personal financial information and/or documents relating to Responding Party's personal financial affairs.

6.     Responding Party objects to the requests on the ground that the requests seek income tax returns or information derived therefrom.

7.     Responding Party reserves the right to object to the introduction into evidence, at the trial or arbitration or any other proceeding, of any information and/or documents produced pursuant to the requests on any ground, including, without limitation, applicable privilege, competence, relevance, materiality, propriety information and admissibility.

8.     Responding Party objects to the requests on the ground that the information

and/or documents requested have been previously produced and/or made available in this litigation or prior to this litigation.

9. Responding Party objects to the requests on the ground that the individual requests are compound, conjunctive or disjunctive.

10. Responding Party objects to the requests on the ground that the individual requests are not complete in and of themselves and are, therefore, impermissible.

11. Responding Party objects to the requests on the ground that the individual requests call for a legal conclusion or an expert opinion.

12. Nothing herein shall be construed as an admission respecting the admissibility, truth, authenticity, accuracy or relevance of any documents.

## REQUESTS FOR PRODUCTION

26. All Documents and Communications regarding any offers of employment of the hiring of Joel Albrizio by Adlife.

**Answer:**

Responding Party incorporates herein by reference the general statement and objections stated above as though fully set forth herein. Responding Party further objects on the basis that this request is vague and ambiguous. Responding Party further objects to this Request for Production of Documents insofar as it is not proportional to the needs of the case, is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure, and is unlimited in time and scope. Responding Party further objects to this request to the extent that it requests information of unnamed and unidentified first parties which is protected from disclosure by, *inter alia,* such first parties' respective rights of privacy. Without waiving said objections, Responding Party responds as follows:

Due to the passage of time, documents that might be responsive to this request may have been lost, destroyed, or are no longer in the possession, custody, or control of Responding Party. Responding Party has undertaken a diligent search and

reasonable inquiry to locate responsive documents and will produce all non-privileged responsive documents to this Request in Responding Party's custody, possession, and control to the extent such documents exist and Responding Party is able to locate them. Discovery is ongoing. Responding Party will supplement this response as additional information becomes available.

27.     Documents and Communications sufficient to establish the date that Joel Albrizio was first employed by Adlife.

**Answer:**

Responding Party incorporates herein by reference the general statement and objections stated above as though fully set forth herein. Responding Party further objects on the basis that this request is vague and ambiguous. Responding Party further objects to this Request for Production of Documents insofar as it is not proportional to the needs of the case, is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure, and is unlimited in time and scope. Responding Party further objects to this request to the extent that it requests information of unnamed and unidentified first parties which is protected from disclosure by, *inter alia*, such first parties' respective rights of privacy. Without waiving said objections, Responding Party responds as follows:

Due to the passage of time, documents that might be responsive to this request may have been lost, destroyed, or are no longer in the possession, custody, or control of Responding Party. Responding Party has undertaken a diligent search and reasonable inquiry to locate responsive documents and will produce all non-privileged responsive documents to this Request in Responding Party's custody, possession, and control to the extent such documents exist and Responding Party is able to locate them. Discovery is ongoing. Responding Party will supplement this response as additional information becomes available.

28. All employment verification forms, including but not limited to W2 forms, for Joel Albrizio for the years 1992 to present.

**Answer:**

Responding Party incorporates herein by reference the general statement and objections stated above as though fully set forth herein. Responding Party further objects on the basis that this request is vague and ambiguous. Responding Party further objects to this Request for Production of Documents insofar as it is not proportional to the needs of the case, is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure, and is unlimited in time and scope. Responding Party further objects to this request to the extent that it requests information of unnamed and unidentified first parties which is protected from disclosure by, *inter alia*, such first parties' respective rights of privacy. Without waiving said objections, Responding Party responds as follows:

Responding party will not produce documents in response to this request to the extent any such documents exist.

29. All Documents and Communications supporting Adlife's contentions that Joel Albrizio is the photographer and/or author of the Accused Images.

**Answer:**

Responding Party incorporates herein by reference the general statement and objections stated above as though fully set forth herein. Responding Party further objects as this request assumes facts not in evidence. Responding Party further objects on the basis that this request is vague and ambiguous, specifically as to the phrase "photographer and/or author". Responding Party further objects to this Request for Production of Documents insofar as it is not proportional to the needs of the case, is outside the scope of permissible discovery as outlined in Rule 26 of the

Federal Rules of Civil Procedure, and is unlimited in time and scope. Responding Party further objects to this request to the extent that it requests information of unnamed and unidentified first parties which is protected from disclosure by, *inter alia*, such first parties' respective rights of privacy. Without waiving said objections, Responding Party responds as follows:

Due to the passage of time, documents that might be responsive to this request may have been lost, destroyed, or are no longer in the possession, custody, or control of Responding Party. Responding Party has undertaken a diligent search and reasonable inquiry to locate responsive documents and will produce all non-privileged responsive documents to this Request in Responding Party's custody, possession, and control to the extent such documents exist and Responding Party is able to locate them. Discovery is ongoing. Responding Party will supplement this response as additional information becomes available.

30.   Documents and Communications sufficient to establish Adlife's assertion that Joel Albrizio or an Adlife employee was the photographer and/or author or [sic] the Accused Images.

**Answer:**

Responding Party incorporates herein by reference the general statement and objections stated above as though fully set forth herein. Responding Party further objects as this request assumes facts not in evidence. Responding Party further objects on the basis that this request is vague and ambiguous, specifically as to the phrase "photographer and/or author or [sic] the Accused Images". Responding Party further objects to this Request for Production of Documents insofar as it is not proportional to the needs of the case, is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure, and is unlimited in time and scope. Responding Party further objects to this request to the extent that it

requests information of unnamed and unidentified first parties which is protected from disclosure by, *inter alia*, such first parties' respective rights of privacy. Without waiving said objections, Responding Party responds as follows:

Due to the passage of time, documents that might be responsive to this request may have been lost, destroyed, or are no longer in the possession, custody, or control of Responding Party. Responding Party has undertaken a diligent search and reasonable inquiry to locate responsive documents and will produce all non-privileged responsive documents to this Request in Responding Party's custody, possession, and control to the extent such documents exist and Responding Party is able to locate them. Discovery is ongoing. Responding Party will supplement this response as additional information becomes available.

31. All notes, metadata, film, and any other identifying/verifying information associated with each Accused Image.

**Answer:**

Responding Party incorporates herein by reference the general statement and objections stated above as though fully set forth herein. Responding Party further objects on the basis that this request is vague and ambiguous, specifically as to the phrase "notes;" "metadata;" "film;" and "other identifying/verifying information". Responding Party further objects to this Request for Production of Documents insofar as it is not proportional to the needs of the case, is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure, and is unlimited in time and scope. Responding Party further objects to this request to the extent that it requests information of unnamed and unidentified first parties which is protected from disclosure by, *inter alia*, such first parties' respective rights of privacy. Without waiving said objections, Responding Party responds as follows:

Due to the passage of time, documents that might be responsive to this

request may have been lost, destroyed, or are no longer in the possession, custody, or control of Responding Party. Responding Party has undertaken a diligent search and reasonable inquiry to locate responsive documents and will produce all non-privileged responsive documents to this Request in Responding Party's custody, possession, and control to the extent such documents exist and Responding Party is able to locate them. Discovery is ongoing. Responding Party will supplement this response as additional information becomes available.

32.     All Documents and Communications regarding Adlife's process for identifying the author(s) of the Accused Images when applying to register these images with the U.S. Copyright Office.

**Answer:**

Responding Party incorporates herein by reference the general statement and objections stated above as though fully set forth herein. Responding Party further objects on the basis that this request is vague and ambiguous, specifically as to the phrase "process for indentifying." Responding Party further objects to this Request for Production of Documents insofar as it is not proportional to the needs of the case, is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure, and is unlimited in time and scope. Responding Party further objects to this request to the extent that it requests information of unnamed and unidentified first parties which is protected from disclosure by, *inter alia*, such first parties' respective rights of privacy. Without waiving said objections, Responding Party responds as follows:

Due to the passage of time, documents that might be responsive to this request may have been lost, destroyed, or are no longer in the possession, custody, or control of Responding Party. Responding Party has undertaken a diligent search and reasonable inquiry to locate responsive documents and will produce all non-

privileged responsive documents to this Request in Responding Party's custody, possession, and control to the extent such documents exist and Responding Party is able to locate them. Discovery is ongoing. Responding Party will supplement this response as additional information becomes available.

33. All Documents and Communications concerning Adlife's copyright applications of registrations for the Accused Images.

**Answer:**

Responding Party incorporates herein by reference the general statement and objections stated above as though fully set forth herein. Responding Party further objects on the basis that this request is vague and ambiguous. Responding Party further objects to this Request for Production of Documents insofar as it is not proportional to the needs of the case, is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure, and is unlimited in time and scope. Responding Party further objects to this request to the extent that it requests information of unnamed and unidentified first parties which is protected from disclosure by, *inter alia*, such first parties' respective rights of privacy. Without waiving said objections, Responding Party responds as follows:

Due to the passage of time, documents that might be responsive to this request may have been lost, destroyed, or are no longer in the possession, custody, or control of Responding Party. Responding Party has undertaken a diligent search and reasonable inquiry to locate responsive documents and will produce all non-privileged responsive documents to this Request in Responding Party's custody, possession, and control to the extent such documents exist and Responding Party is able to locate them. Discovery is ongoing. Responding Party will supplement this response as additional information becomes available.

34.     All written correspondence between Adlife and the U.S. Copyright Office concerning the copyright applications and/or registrations for the Accused Images.

**Answer:**

Responding Party incorporates herein by reference the general statement and objections stated above as though fully set forth herein. Responding Party further objects on the basis that this request is vague and ambiguous. Responding Party further objects to this Request for Production of Documents insofar as it is not proportional to the needs of the case, is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure, and is unlimited in time and scope. Responding Party further objects to this request to the extent that it requests information of unnamed and unidentified first parties which is protected from disclosure by, *inter alia*, such first parties' respective rights of privacy. Without waiving said objections, Responding Party responds as follows:

Due to the passage of time, documents that might be responsive to this request may have been lost, destroyed, or are no longer in the possession, custody, or control of Responding Party. Responding Party has undertaken a diligent search and reasonable inquiry to locate responsive documents and will produce all non-privileged responsive documents to this Request in Responding Party's custody, possession, and control to the extent such documents exist and Responding Party is able to locate them. Discovery is ongoing. Responding Party will supplement this response as additional information becomes available.

35.     All Documents and Communications concerning any disputes, accusations, or claims between Adlife and any third party involving copyright infringement of any image in Adlife's catalog offered at www.preparedfoods.com.

**Answer:**

Responding Party incorporates herein by reference the general statement and

objections stated above as though fully set forth herein. Responding Party further objects on the basis that this request assumes facts not in evidence. Responding Party further objects to this request as it does not own, operate, or otherwise affiliate with the website www.preparedfoods.com nor have any of the images in Adlife's catalog even been offered through that website. Responding Party further objects on the basis that this request is vague and ambiguous, specifically as to the phrases "disputes," "accusations," and "claims". Responding Party further objects to this Request for Production of Documents insofar as it is not proportional to the needs of the case, is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure, and is unlimited in time and scope. Responding Party further objects to this request to the extent that it requests information of unnamed and unidentified first parties which is protected from disclosure by, *inter alia*, such first parties' respective rights of privacy. Without waiving said objections, Responding Party responds as follows:

Responding Party has undertaken a diligent search and reasonable inquiry to locate responsive documents and has determined that no documents responsive to this Request are in Responding Party's custody, possession, and control.

36. Documents and Communications sufficient to identify all photographers employed by Adlife during the time period of January 1, 1994 – December 31, 2001.

**Answer:**

Responding Party incorporates herein by reference the general statement and objections stated above as though fully set forth herein. Responding Party further objects on the basis that this request is vague and ambiguous. Responding Party further objects to this Request for Production of Documents insofar as it is not proportional to the needs of the case, is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure, and is unlimited in time

and scope. Responding Party further objects to this request to the extent that it requests information of unnamed and unidentified first parties which is protected from disclosure by, *inter alia*, such first parties' respective rights of privacy. Without waiving said objections, Responding Party responds as follows:

Due to the passage of time, documents that might be responsive to this request may have been lost, destroyed, or are no longer in the possession, custody, or control of Responding Party. Responding Party has undertaken a diligent search and reasonable inquiry to locate responsive documents and will produce all non-privileged responsive documents to this Request in Responding Party's custody, possession, and control to the extent such documents exist and Responding Party is able to locate them. Discovery is ongoing. Responding Party will supplement this response as additional information becomes available.

37. All Documents and Communications regarding license pricing for food image photographs, including but not limited to food images photographs comparable to Adlife's Accused Images and/or Adlife's images available at www.preparedfoods.com.

**Answer:**

Responding Party incorporates herein by reference the general statement and objections stated above as though fully set forth herein. Responding Party further objects on the basis that this request assumes facts not in evidence. Responding Party further objects to this request as it does not own, operate, or otherwise affiliate with the website www.preparedfoods.com nor have any of the images in Adlife's catalog even been offered through that website. Responding Party further objects on the basis that this request is vague and ambiguous, specifically as to the phrase "license pricing for food image photographs" and "food images comparable to Adlife's Accused Images". Responding Party further objects to this Request for

Production of Documents insofar as it is not proportional to the needs of the case, is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure, and is unlimited in time and scope. Responding Party further objects to this request to the extent that it requests information of unnamed and unidentified first parties which is protected from disclosure by, *inter alia*, such first parties' respective rights of privacy. Without waiving said objections, Responding Party responds as follows:

Responding party will not produce documents in response to this request to the extent any such documents exist.

Dated: October 4, 2019  Respectfully submitted,

**/s/ Ryan E. Carreon**
Ryan E. Carreon, Esq., *Pro Hac Vice*
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8336
(714) 597-6559 facsimile
Email: rcarreon@higbeeassociates.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2019, I served the following document:

**PLAINTIFF ADLIFE'S OBJECTIONS AND RESPONSES TO DEFENDANT BEST YET MARKET'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

via electronic mail to the addresses as follows:

Eric J. Lobenfeld eric.lobenfeld@hoganlovells.com,

nicole.lynch@hoganlovells.com, nymanagingclerk@hoganlovells.com

Lauren Cury lauren.cury@hoganlovells.com

Anna Kurian Shaw anna.shaw@hoganlovells.com

Brendan Quinn brendan.quinn@hoganlovells.com

Lauren Chamblee lauren.chamblee@hoganlovells.com

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on October 4, 2019, at Santa Ana, California.

*/s/ Ryan E. Carreon*
Ryan E. Carreon, Esq.
*Counsel for Plaintiff*