# Higbee & Associates

A NATIONAL LAW FIRM

November 5, 2019

**LETTER**
**FILED VIA ECF**

Hon. Arlene R. Lindsay
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

RE: **Adlife Marketing & Communications Co., Inc. v. Best Yet Market, Inc.**
**Case 2:17-cv-02978-ADS-ARL**

Dear Judge Lindsay,

    I write in response to Defendant Best Market Yet Market Inc.'s ("Best Market") letter submitted November 5, 2019 regarding the mediation affidavit of Joel Albrizio prepared in connection with the parties confidential mediation, which took place in May of 2018.

    Best Market's Motion to Compel should be denied because the mediation affidavit was prepared in connection with the parties' confidential mediation. Both the Local Rules of the Eastern District as well as the written stipulation agreed upon by the parties prior to the mediation (attached as Exhibit A) precludes the use of this or any document prepared in connection with the mediation from being used as evidence or for impeachment purposes.

    Congress' view on the importance of alternative dispute resolution, and the need for confidentiality, is clear. The Alternative Dispute Resolution Act of 1998 requires each federal district court to authorize, by local rule, the use of alternative dispute resolution processes in all civil actions. *See* 28 U.S.C. § 651. The Act requires that ADR processes be confidential and prohibits disclosure of confidential dispute resolution communications. *See* 28 U.S.C. § 652(d).

    In accordance with this Congressional directive, the Eastern District of New York adopted Local Rule 83.8, which states in part as follows:

> (d) Confidentiality.
>> (1) The parties will be asked to sign an agreement of confidentiality at the beginning of the first mediation session to the following effect:
>>> (A) Unless the parties otherwise agree, all written and oral communications made by the parties and the mediator in connection with or during any mediation session are confidential and may not be disclosed or used for any purpose unrelated to the mediation.
>>> …

**Corporate HQ** 1504 Brookhollow Dr., Suite 112 Santa Ana, CA 92705
**Phone** (714) 617-8385 **Fax** (714) 617-8511 **Web** higbeeassociates.com

> (3) No papers generated by the mediation process will be included in Court files, nor shall the Judge or Magistrate Judge assigned to the case have access to them. … However, communications made in connection with or during a mediation may be disclosed if all parties and, if appropriate as determined by the mediator, the mediator so agree.

In accordance with Local Rule 83.8, the parties signed a stipulation regarding mediation confidentiality (attached as Exhibit A), which states in part as follows:

> 1. No party shall be bound by anything said or done during the Mediation, unless either a written and signed stipulation is entered into or the parties enter into a written and signed agreement.
> …
> 5. The mediation process shall be considered a settlement negotiation for the purpose of all federal and state rules protecting disclosures made during such conferences from later discovery or use in evidence. The entire procedure shall be confidential, and no stenographic or other record shall be made except to memorialize a settlement record. All communications, oral or written, made during the Mediation by any party or a party's agent, employee, or attorney are confidential and, where appropriate, are to be considered work product and privileged. Such communications, statements, promises, offers, views and opinions shall not be subject to any discovery or admissible for any purpose, including impeachment, in any litigation or other proceeding involving the parties

As is clear on the face of Mr. Albrizio's mediation affidavit, the document was prepared as part of the parties' agreed upon information disclosure in connection with the May 2018 confidential mediation session. It therefore qualifies as a written communication made in connection with the parties mediation session and is confidential under Local Rule 83.8. *See also ResCap Liquidation Tr. Mortg. Purchase Litig. v. HSBC Mortg. Corp. (USA),* 536 B.R. 132, 151 (Bankr. S.D.N.Y. 2015)("communications between mediation parties in furtherance of mediation" but made outside the geographical and temporal limits of the actual mediation sessions, still subject to confidentiality). Had Mr. Albrizio elected to verbally disclose the information contained in the mediation affidavit during the mediation session there would be no question that his statements would be considered confidential. The fact that his statement was reduced to writing and provided in advance in order to aid the parties in preparing for a successful mediation should not change the analysis.

In addition, Local Rule 83.8 requires that all parties and the mediator agree prior the disclosure of any written or oral communications made in connection with a mediation. Adlife does not agree to the disclosure of the mediation affidavit, and I am informed and believe that the mediator himself has not been contacted to provide his consent, which is also required prior to disclosure.

In addition to the Local Rules, under the mediation stipulation signed by the parties, the mediation affidavit are considered confidential work product and the parties expressly stipulated that such materials "shall not be subject to any discovery or admissible for any purpose, including impeachment."

Corporate HQ 1504 Brookhollow Dr., Suite 112 Santa Ana, CA 92705
Phone (714) 617-8385   Fax (714) 617-8511   Web higbeeassociates.com
2

> (3) No papers generated by the mediation process will be included in Court files, nor shall the Judge or Magistrate Judge assigned to the case have access to them. … However, communications made in connection with or during a mediation may be disclosed if all parties and, if appropriate as determined by the mediator, the mediator so agree.

In accordance with Local Rule 83.8, the parties signed a stipulation regarding mediation confidentiality (attached as Exhibit A), which states in part as follows:

> 1. No party shall be bound by anything said or done during the Mediation, unless either a written and signed stipulation is entered into or the parties enter into a written and signed agreement.
> …
> 5. The mediation process shall be considered a settlement negotiation for the purpose of all federal and state rules protecting disclosures made during such conferences from later discovery or use in evidence. The entire procedure shall be confidential, and no stenographic or other record shall be made except to memorialize a settlement record. All communications, oral or written, made during the Mediation by any party or a party's agent, employee, or attorney are confidential and, where appropriate, are to be considered work product and privileged. Such communications, statements, promises, offers, views and opinions shall not be subject to any discovery or admissible for any purpose, including impeachment, in any litigation or other proceeding involving the parties

As is clear on the face of Mr. Albrizio's mediation affidavit, the document was prepared as part of the parties' agreed upon information disclosure in connection with the May 2018 confidential mediation session. It therefore qualifies as a written communication made in connection with the parties mediation session and is confidential under Local Rule 83.8. *See also ResCap Liquidation Tr. Mortg. Purchase Litig. v. HSBC Mortg. Corp. (USA),* 536 B.R. 132, 151 (Bankr. S.D.N.Y. 2015)("communications between mediation parties in furtherance of mediation" but made outside the geographical and temporal limits of the actual mediation sessions, still subject to confidentiality). Had Mr. Albrizio elected to verbally disclose the information contained in the mediation affidavit during the mediation session there would be no question that his statements would be considered confidential. The fact that his statement was reduced to writing and provided in advance in order to aid the parties in preparing for a successful mediation should not change the analysis.

In addition, Local Rule 83.8 requires that all parties and the mediator agree prior the disclosure of any written or oral communications made in connection with a mediation. Adlife does not agree to the disclosure of the mediation affidavit, and I am informed and believe that the mediator himself has not been contacted to provide his consent, which is also required prior to disclosure.

In addition to the Local Rules, under the mediation stipulation signed by the parties, the mediation affidavit are considered confidential work product and the parties expressly stipulated that such materials "shall not be subject to any discovery or admissible for any purpose, including impeachment."

Corporate HQ 1504 Brookhollow Dr., Suite 112 Santa Ana, CA 92705
Phone (714) 617-8385   Fax (714) 617-8511   Web higbeeassociates.com

2

Best Market's contention that the mediation affidavit contains alleged factual discrepancies does not override the express language of the Local Rules and the parties' mediation stipulation, nor does the need for impeachment outweigh the public policy behind mediation confidentiality. To be clear, Adlife does not object to discovery of any underlying factual information contained in the mediation affidavit that would ordinarily be admissible under the Federal rules. *See ResCap Liquidation Tr. Mortg. Purchase Litig. v. HSBC Mortg. Corp. (USA)*, 536 B.R. 132, 151 (Bankr. S.D.N.Y. 2015)("The Mediation Order expressly does not preclude disclosure of facts learned by parties to the mediation through their own efforts."). Best Market is currently set to depose Mr. Albrizio prior to the fact discovery cutoff. To the extent that Best Market would like to ask questions in that deposition calculated to uncover facts or to elicit similar testimony to that which is contained in the mediation affidavit, Adlife has no objection.

Adlife's objection is solely related to the use of the mediation affidavit document itself, including objecting to entry of the mediation affidavit as an exhibit in deposition or as evidence during this litigation, objecting to any questioning of witnesses specifically about the mediation affidavit and it contents, and also objecting to the use of the mediation affidavit for impeachment purposes.

Because the mediation affidavit is to be considered absolutely confidential pursuant to the Local Rules and the parties' mediation stipulation, Adlife respectfully requests that Best Market's Motion to Compel be denied.

Sincerely,

Ryan E. Carreon, Esq.

cc: Rayminh Ngo
Lauren Chamblee
Eric J. Lobenfeld
Nancy Evelyn Wolff
Anna Kurian Shaw
Lauren B. Cury
Brendan C. Quinn
Marissa B. Lewis
Hon. Arthur D. Spatt

3

Corporate HQ 1504 Brookhollow Dr., Suite 112 Santa Ana, CA 92705
Phone (714) 617-8385   Fax (714) 617-8511   Web higbeeassociates.com